UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BRUCE LARKIN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:15-cv-00764-CEM-KRS |
| | ) |
| v. | ) |
| | ) |
| FAMILY DOLLAR STORES | ) |
| OF FLORIDA, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT FAMILY DOLLAR STORES OF FLORIDA, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Family Dollar Stores of Florida, Inc., pursuant to Fed. R. Civ. P. 12(b), and for its answer and defenses to the Complaint of Plaintiff, Bruce Larkin, and responding to the correspondingly numbered paragraphs thereof, states:

1. Family Dollar is without knowledge of the allegations of paragraph 1, pertaining to Plaintiff, and therefore those allegations are denied.

2. Family Dollar admits that it operates a Family Dollar retail store at 2712 N. Pine Hills Road, Orlando, Florida, the address listed in paragraph 2 of the Complaint, and that some areas of that retail store are "public accommodations" subject to the requirements of the ADA.

3. Family Dollar admits that the Family Dollar store that is the subject of this action is located in the Middle District of Florida.

4. Family Dollar admits that this purports to be an action brought pursuant to Title III of the Americans with Disabilities Act (hereinafter "ADA"), and that such actions are generally within the Court's subject matter jurisdiction. Family Dollar specifically denies that it has violated the ADA, or that any relief is appropriate under the circumstances.

5. Family Dollar denies the legal conclusions alleged in paragraph 5, as stated. Family Dollar admits that the ADA and accompanying regulations are the best evidence of their terms. Family Dollar admits that it operates the Family Dollar retail store at the address listed in the Complaint and that some areas of that retail store are "public accommodations" subject to the requirements of the ADA.

6. Family Dollar denies the facts and legal conclusions alleged in paragraph 6, as stated. Family Dollar admits that the ADA and accompanying regulations are the best evidence of their terms. Family Dollar denies the allegations of paragraph 6.

7. Family Dollar denies the allegations of paragraph 7, as stated. Family Dollar denies that certain alleged conditions exist at the referenced property; is unable to determine what precise condition and/or violation is being alleged in other instances; denies that remediation of certain alleged conditions/violations is readily achievable; and further denies that Family Dollar has failed to provide substantially equivalent accessibility and usability.

8. Family Dollar is without knowledge of the allegations of paragraph 8 pertaining to Plaintiff, and therefore those allegations are denied. Family Dollar specifically denies the allegations that it has discriminated against, or otherwise caused any injury to, Plaintiff.

9. Family Dollar is without knowledge of the allegations of paragraph 9 pertaining to Plaintiff, and therefore those allegations are denied. Family Dollar specifically denies the allegations that it has discriminated against, or otherwise caused any injury to, Plaintiff.

10. Family Dollar denies the allegations of paragraph 10.

11. Family Dollar is without knowledge of the allegations of paragraph 11 pertaining to Plaintiff, and therefore those allegations are denied. Family Dollar specifically denies the allegations that it has discriminated against, or otherwise caused any injury to, Plaintiff.

12. Family Dollar is without knowledge of the allegations of paragraph 12 pertaining to Plaintiff, and therefore those allegations are denied. Family Dollar specifically denies the allegations that it has discriminated against, or otherwise caused any injury to, Plaintiff.

13. Family Dollar denies the allegations of paragraph 13.

14. Family Dollar denies the allegations of paragraph 14.

15. Family Dollar denies the allegations of paragraph 15.

16. Family Dollar denies the allegations of paragraph 16.

17. Family Dollar denies the allegations of paragraph 17.

18. Family Dollar denies the facts and legal conclusions alleged in paragraph 18, as stated. Family Dollar specifically denies the allegations that it has discriminated against, or otherwise caused any injury to, Plaintiff.

19. Family Dollar denies the facts and legal conclusions alleged in paragraph 19, as stated. Family Dollar admits that Plaintiff purports to seek injunctive relief but denies that any such relief is warranted or appropriate under the circumstances.

Family Dollar denies all allegations not specifically and expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted in that it fails to allege that each of the *specific* elements alleged to be in violation of the ADA are: 1) within Family Dollar's possession or control; or 2) that each such elements are "public accommodations" open to the public.

**Second Defense**

Plaintiff lacks standing and has failed to properly allege standing to assert any or all of the claims attempted to be alleged in the Complaint, including Plaintiff's failure to allege any past or prospective injury in fact, with respect to any or all of the alleged elements of each of the alleged properties.

**Third Defense**

The Complaint fails to state a claim for relief in that it fails to allege that the requested accommodations and removal of barriers are readily achievable; technically feasible; and/or would not result in a significant alteration and loss of selling space.

**Fourth Defense**

The Complaint fails to state a claim for relief in that it fails to allege that Family Dollar has failed to provide substantially equivalent accessibility and usability.

WHEREFORE, Family Dollar requests entry of an Order dismissing this action and awarding Family Dollar its costs of this action.

DATED this 30th day of June, 2015         Respectfully submitted,

**/s/ Courtney B. Wilson**
Courtney B. Wilson
Florida Bar No. 0614580
E-Mail:  cwilson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Phone:  (305) 400-7500
Fax:     (305) 675-8497

*ATTORNEYS FOR DEFENDANT*
*FAMILY DOLLAR STORES OF FLORIDA, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of June, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **/s/ Courtney B. Wilson**
Courtney B. Wilson

# SERVICE LIST

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Civil Action No. 6:15-cv-00764-CEM-KRS**

Jeannette E. Albo, Esq.
Florida Bar No. 0017736
E-Mail:  jalbo@bellsouth.net
*Of Counsel*
THOMAS B. BACON, P.A.
9444 S.W. 69th Ct.
Miami, FL 33156
Phone:  (305) 502-4593

Thomas B. Bacon, Esq.
E-Mail:  tbb@thomasbaconlaw.com
THOMAS B. BACON, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328
Phone:  (954) 925-6488
Fax:      (954) 237-1990

***ATTORNEY FOR PLAINTIFF,***
***BRUCE LARKIN***


Courtney B. Wilson, Esq.
Florida Bar No. 0614580
E-Mail:  cwilson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Phone:  (305) 400-7500
Fax:      (305) 675-8497

***ATTORNEY FOR DEFENDANT,***
***FAMILY DOLLAR STORES OF FLORIDA, INC.***

Firmwide:133805858.1 053439.1000